UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nakyia D. Parker,                          Case No. 4:19-cv-599

        Petitioner,

v.                                   MEMORANDUM OPINION
                                           AND ORDER

Douglas Fender, Warden,[1]

        Respondent.

## I. INTRODUCTION

Petitioner Nakyia D. Parker has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Trumbull County, Ohio Court of Common Pleas on charges of illegally possessing a firearm and possession of heroin. (Doc. No. 1). Magistrate Judge Kathleen B. Burke reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny Parker's petition. (Doc. No. 10). Parker filed objections to Judge Burke's Report and Recommendation. (Doc. No. 11). Respondent filed a response to Parker's objections. (Doc. No. 12). For the reasons stated below, I overrule Parker's objections and adopt Judge Burke's Report and Recommendation.

---

[1] Parker currently is incarcerated at the Lake Erie Correctional Institution in Conneaut, Ohio, where Douglas Fender is the Warden.

## II. BACKGROUND

On August 15, 2016, Parker was found guilty of one count of having weapons while under disability and one count of possession of heroin, following a jury trial in the Trumbull County, Ohio Court of Common Pleas. He was sentenced to two years in prison on the weapons conviction and eight years on the drug possession conviction, with the sentences to run consecutively. The Eleventh District Court of Appeals affirmed his conviction and sentences.

Parker does not object to Judge Burke's description of the factual and procedural background of his state court proceedings. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 10 at 2-6).

## III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Parker presents the following grounds for relief:

> **Ground One**: The trial court erred in denying [Petitioner's] motion to suppress all evidence against him, in violation of his rights pursuant to the Fourth Amendment to the United States Constitution.
>
> **Ground Two**: The trial court erred, as a matter of law, by giving an incomplete and otherwise defective instruction to the jury on "constructive possession."
>
> **Ground Three**: [Petitioner's] convictions are against the manifest weight of the evidence.
>
> **Ground Four**: The trial court erred by imposing consecutive sentences upon [Petitioner].

(Doc. No. 1 at 6-10).

### A.  GROUND ONE

Judge Burke recommends I conclude Ground One is not cognizable in habeas proceedings. (Doc. No. 10 at 10-11). Parker objects, arguing "his state court suppression hearing and trial [were] not fair and impartial due to certain constitutional and due process violations . . . ." (Doc. No. 11 at 6). He focuses primarily on his disagreement with the state courts' decisions concerning his motions to suppress. (*Id.* at 8-10). Parker's objections are not persuasive.

A federal habeas court's review of a petitioner's state court Fourth Amendment suppression claim can be summed up in this manner: "Did the state courts permit the defendant to raise the claim or not?" *Good v. Berghuis*, 729 F.3d 636, 640 (6th Cir. 2013) (citing *Stone v. Powell*, 428 U.S. 465

3

(1976)). Parker filed a motion to suppress evidence obtained from the residence at which he was arrested because officers initially entered the residence without a warrant. *State v. Parker*, 2018-Ohio-3239, 2018 WL 3832793, at *2 (Ohio Ct. App. Aug. 13, 2018). After holding a hearing, the trial court ruled the search was valid under the "emergency aid" exception to the Fourth Amendment's warrant requirement. *Id.* The Eleventh District Court of Appeal agreed, concluding the evidence in the record supported the trial court's conclusion that "[a]t the time of the initial search, the officers had a reasonable belief based on specific and articulable facts to search for injured people." *Id.* at *4.

Parker had the opportunity to present his suppression motion and arguments to the trial court, including during a hearing, and the trial court denied the motion. The appellate court reviewed the factual record as well as Parker's legal arguments and upheld the trial court's ruling. "That suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*." *Good*, 729 F.3d at 640. Therefore, I overrule Parker's objection and adopt Judge Burke's recommendation as to Ground One.

### B.     GROUND TWO

Judge Burke recommends I deny the second ground stated in Parker's petition because it is not cognizable in habeas, is procedurally defaulted, and fails on the merits. (Doc. No. 10 at 12-14). Parker objects, arguing he presented this claim through one full round of appellate review in the state courts and that the jury instruction concerning constructive possession was defective because "the jury was invited to speculate as to ownership or control of the alleged contraband." (Doc. No. 11 at 11).

Parker's jury-instruction claim is premised on the argument that the trial court's instruction concerning constructive possession was an incorrect statement of Ohio law. *See Parker*, 2018 WL 3832793, at *4-5. A federal court may not grant habeas relief for errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

4

While Parker seeks to remedy this hole in his argument by asserting the allegedly defective jury instruction violated his due process rights, (Doc. No. 11 at 11), his argument still falls short even if considered on its merits. The appellate court concluded the trial court's use of the phrase "mere access," rather than Parker's preferred "mere proximity," was immaterial because "the phrase 'mere access' . . . is sufficient to provide a proper statement of the controlling law." *Parker*, 2018 WL 3832793, at * 5.

Parker fails to show the constructive-possession jury instruction was erroneous, much less that it "so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten,* 414 U.S. 141, 147 (1973)). I overrule his objection and adopt Judge Burke's recommendation regarding Ground Two.

### C. GROUND THREE

Judge Burke recommends I deny the third ground stated in Parker's petition because it is not cognizable in habeas, is procedurally defaulted, and fails on the merits. (Doc. No. 10 at 14-17). Judge Burke notes Parker pursued a manifest-weight-of-the-evidence claim in state court (which is not cognizable in habeas proceedings) but attempts to shift that claim into a sufficiency-of-the-evidence claim now (which is cognizable). (*Id.* at 15). Even if I consider Parker's procedurally defaulted sufficiency claim, Judge Burke recommends I deny that claim on its merits. (*Id.*). Parker objects, arguing generally that his conviction is not supported by sufficient evidence and more specifically that "discovery violations and shortcuts being taken by investigating authorities" undercut the validity of his conviction. (Doc. No. 11 at 13).

A federal habeas court may review a petitioner's sufficiency of the evidence claim, even when the petitioner did not expressly argue sufficiency to the state courts, because "the determination by the Ohio Court of Appeals that the conviction was supported by the manifest

5

weight of the evidence necessarily implies a finding that there was sufficient evidence." *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007).

"[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Coleman v. Johnson*, 566 U.S. 650, 654 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). This "deferential" standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

Contrary to Parker's claims that "the record is devoid of any evidence whatsoever indicating that Parker was conscious of the existence of alleged contraband in the dwelling in which he was found," (Doc. No. 11 at 11), police officers located Parker in a bedroom where one of the firearms was found, and Parker was recorded on a telephone call from the jail "expressly ask[ing] whether the police found the drugs in the freezer, and also [making] reference to one of the firearms in the home." *Parker*, 2018 WL 3832793, at * 5. The Eleventh District Court of Appeals concluded Parker's "knowledge and presence along with the other discussed facts support the convictions." *Id.* at *6.

Viewing all of the evidence in the light most favorable to the prosecution, a rational trier of fact could find the prosecution proved the essential elements of the crimes of illegal possession of a firearm and illegal possession of heroin. *See Jackson*, 443 U.S. at 319. Parker fails to show the appellate court's conclusion was contrary to or involved an unreasonable application of clearly established federal law. Therefore, I overrule his objection and adopt Judge Burke's recommendation as to Ground Three.

### D. GROUND FOUR

In his final ground for relief, Parker asserts the trial court impermissibly ordered him to serve consecutive sentences. Judge Burke recommends I conclude Ground Four is not cognizable in habeas proceedings, is procedurally defaulted, and fails on the merits. (Doc. No. 10 at 17-20). Parker objects, arguing the trial court's consecutive-sentences order violated his due process rights because the judge interjected personal bias in determining his sentence. (Doc. No. 11 at 14-16).

As I noted with respect to Ground Two, a federal court may not grant habeas relief for errors of state law. *Estelle*, 502 U.S. at 67. In order to prove a claim that his sentence violates the Constitution, Parker must show the alleged error of state law was "'sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris,* 465 U.S. 37, 41 (1984)).

Ohio law provides that:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> > (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> >
> > (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> >
> > (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Ohio Rev. Code § 2929.14(C)(4).

The trial court concluded consecutive sentences were appropriate pursuant to Ohio Revised Code § 2929.14(C)(4)(b) and (c). *Parker*, 2018 WL 3832793 at *6-7. The appellate court affirmed, concluding Parker did not clearly and convincingly show that the trial court's findings were not supported by the record. *Id.* at *7.

Parker does not challenge the basis for the trial court's findings under § 2929.14(C)(4), but argues the trial court did not base its consecutive-sentences decision on those findings but on the fact that numerous shots were fired in the neighborhood immediately prior to Parker's arrest. (Doc. No. 11 at 15-16). The Eleventh District Court of Appeals rejected this argument, concluding that even if the trial court had "improperly consider[ed] an uncharged offense, the error was harmless" because the record sufficiently supported the trial court's § 2929.14(C)(4) findings. *Parker*, 2018 WL 3832793, at *7.

While Parker asserts the trial court's sentencing decision was "unreasonable" and contained "fundamental defects which inherently result[ed] in a complete miscarriage of justice or an error so egregious that it amounts to a violation of constitutional due process," he offers only arguments and not facts. (Doc. No. 11 at 16). A habeas petitioner cannot carry his burden under § 2254 through labels and conclusions, or through simple disagreement with a trial court's decision. Because Parker has not identified specific errors in the trial court's sentencing decision, he cannot show that decision is incorrect under Ohio law, much less that it violates the Constitution. *See Bowling*, 344 F.3d at 521. Thus, I overrule his objection and adopt Judge Burke's recommendation as to Ground Four.

## V. CONCLUSION

For the reasons stated above, I overrule Parker's objections, (Doc. No. 11), to Judge Burke's Report and Recommendation, (Doc. No. 10), and adopt the Report and Recommendation in full. I

conclude Parker is not entitled to habeas relief on any of the four grounds for relief stated in his habeas petition. (Doc. No. 1).

I also conclude, for the same reasons, that Parker fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge